JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

**Case No.  CV-15-7268-MWF (MRW)          Date:  September 22, 2015**
Title:      Wells Fargo Bank, N.A. -*v*- Lynn Behren Zimmerman et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                            Court Reporter:
      Rita Sanchez                             Not Reported

      Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
      None Present                              None Present

**Proceedings (In Chambers):**   ORDER REMANDING ACTION TO STATE COURT

On June 8, 2015, Plaintiff Wells Fargo Bank, N.A. filed a Complaint for Unlawful Detainer and Money Damages against Defendants Lynn Behrens Zimmer and Clarke Patton Paxton in Superior Court of California for the County of Santa Barbara.  (Docket No. 1 at 13).  On September 16, 2015, Defendant Lynn Behrens Zimmerman, appearing *pro se,* removed the action to this Court.  (Docket No. 1).  For the following reasons, the Court lacks subject matter jurisdiction over this action and **REMANDS** it back to the Superior Court of California for the County of Santa Barbara.

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

In her removal papers, Defendant appears to assert the existence of federal question jurisdiction.  "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."  *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-7268-MWF (MRW)              Date:  September 22, 2015
Title:     Wells Fargo Bank, N.A. -*v*- Lynn Behren Zimmerman et al.

Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987).

While the Notice of Removal is largely unintelligible, it appears that Defendant contends this Court has jurisdiction because "Plaintiff is a collection agency or 'Debt Collector' as defined under the Fair Debt Collection Act § 1692K."  (Docket No. 1 at 7).  Defendant also alludes to 28 U.S.C. § 1333, but makes no arguments as to the connection between this case and (1) "admiralty or maritime jurisdiction," or (2) condemnation of property taken as prize."  *See* 28 U.S.C. § 1333.  Regardless, removability "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Apart from being nonsensical, Defendant's assertions are insufficient to establish federal jurisdiction.  The underlying action is one for unlawful detainer, a state law claim.  *See Wells Fargo Bank v. Lapeen*, No. 11–cv–09132 LB, 2011 U.S. Dist. LEXIS 60671, at *3 (N.D. Cal. June 6, 2011) (finding unlawful detainer actions are strictly within the province of state law).  Accordingly, Defendant's argument is at most a federal defense.  Any anticipated defenses to the aforementioned state law claim are insufficient at conferring jurisdiction on this Court.  The same reasoning applies to Defendant's claim that "Plaintiff's actions have impeded the prevented the [sic] Defendant's pursuit of happiness and the liberty to defend his home and property against ternary and adversity."  (Docket No. 1 at 3).  The Court therefore determines that the Complaint does not arise under federal law and thus fails to have jurisdiction on that basis.

Diversity jurisdiction is also lacking as the amount in controversy does not exceed the required threshold of $75,000.  *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Defendant is unable to meet the amount in controversy requirement of § 1332. Defendant appears to allege that the requirement is met as "the real amount in controversy in this matter is the sum of One Million Three Hundred Fifty Thousand

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-7268-MWF (MRW)          Date:  September 22, 2015**
Title:       Wells Fargo Bank, N.A. *-v-* Lynn Behren Zimmerman et al.

Dollars." (Docket No. 1 at 4).   This appears to be Defendant's estimate of the value of the property in question.  However, "[i]n unlawful detainer actions, the title to the property is not involved—only the right to possession."  *Skyline Vista Equitites, LLC v. Henderson*, 2011 WL 5122616, at *2 (C.D. Cal. Oct. 25, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170, 136 Cal. Rptr. 596 (1977)).  Here, the face of the complaint indicates that Plaintiff seeks possession and damages in the amount of $123.33 for each day that Defendants continue to possess the property at issue. (Docket No. 1 at 15).  The Complaint also states that the amount of damages sought "does not exceed $10,000."  (*Id.* at 13).  "[G]iven that the value of the property is not the amount in controversy," Defendant failed to show that this action meets the minimum jurisdictional award.  *Skyline Vista*, 2011 WL 5122616, at *2.

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Santa Barbara.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

Plaintiff's pending Motion to Remand and Ex Parte Application to Shorten Time for Hearing are **DENIED** *as moot*.  (Docket Nos. 7–8).

IT IS SO ORDERED.